United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                              Case No. 16-14664-ref
Edward J. Harvey                                                    Chapter 7
         Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-4          User: admin              Page 1 of 1              Date Rcvd: Nov 04, 2016
                              Form ID: 318             Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 06, 2016.
```
db            +Edward J. Harvey,    1453 Walnut Lane,    Macungie, PA 18062-9407
smg           +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg            City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg           +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg           +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13761707      +General Plumbing Supply,    980 New Durham Rd,    Edison, NJ 08817-2274
13761708       Home Depot Credit Services,     PO Box 9001010,    Louisville, KY 40290-1010
13761711       Nationwide Credit Inc.,    PO Box 26314,    Lehigh Valley, PA 18002-6314
13761315      +Quicken Loans, Inc.,    c/o Joshua I. Goldman, Esq.,    KML Law Group, PC,
                701 Market Street, Suite 5000,    Philadelphia, PA 19106-1541
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           +E-mail/Text: robertsl2@dnb.com Nov 05 2016 01:57:26      Dun & Bradstreet, INC,
                3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 05 2016 01:56:53
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 05 2016 01:57:33      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13761705       EDI: CAPITALONE.COM Nov 05 2016 01:38:00      Capital One Bank,    PO Box 30281,
                Salt Lake City, UT 84130-0281
13761706       EDI: CHASE.COM Nov 05 2016 01:38:00      Chase,    PO Box 15298,    Wilmington, DE 19850-5298
13761709       EDI: JEFFERSONCAP.COM Nov 05 2016 01:38:00      Jefferson Capital System,    16 McLeland Rd,
                Saint Cloud, MN 56303-2198
13761710       EDI: MERRICKBANK.COM Nov 05 2016 01:38:00      Merrick Bank,    PO Box 9201,
                Old Bethpage, NY 11804-9001
13761712       E-mail/Text: bankruptcyteam@quickenloans.com Nov 05 2016 01:57:31      Quicken Loans,
                1050 Woodward Ave,    Detroit, MI 48226-1906
13761713       EDI: WFFC.COM Nov 05 2016 01:38:00      Wells Fargo Bank,    PO Box 348750,
                Sacramento, CA 95834-8750
                                                                                                TOTAL: 9

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2016                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 3, 2016 at the address(es) listed below:
```
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MICHAEL H KALINER    mhkaliner@gmail.com, pa35@ecfcbis.com
              MICHAEL H KALINER    on behalf of Trustee MICHAEL H KALINER mhkaliner@gmail.com, pa35@ecfcbis.com
              SCOTT M. WILHELM    on behalf of Debtor Edward J. Harvey BarbR@wwgrlaw.com,
               G27019@notify.cincompass.com
              THOMAS I. PULEO    on behalf of Creditor    Quicken Loans Inc. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                TOTAL: 6
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Edward J. Harvey** | Social Security number or ITIN **xxx–xx–9055** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | | |
| Case number: **16–14664–ref** | | |

# Order of Discharge                                                            12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Edward J. Harvey
aka Edward Joseph Harvey

11/3/16                                              **By the court:**   Richard E. Fehling
                                                                          United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                **Order of Discharge**                                page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**